**Gjergji COCOLI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

**No. 05–5004–ag.**

United States Court of Appeals, Second Circuit.

June 14, 2006.

---

Judith L. Wood, Jesse A. Moorman, Los Angeles, CA, for Petitioner.

PRESENT: Hon. THOMAS J. MESKILL, Hon. CHESTER J. STRAUB, and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Gjergji Cocoli, a citizen of Albania, petitions for review of an order of the BIA entered on August 25, 2005, affirming a February 17, 2004 decision of Immigration Judge ("IJ") Gabriel C. Videla. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues a short opinion that primarily recounts the IJ's decision, we review the IJ's decision rather than that of the BIA. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003) (reviewing IJ's decision, rather than BIA's, where the former was thirty pages and the latter was two). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005) (per curiam).

■ We lack jurisdiction to review Cocoli's claim that the IJ "abused his discretion when making [the] factual determinations that [the petitioner] had failed to demonstrate either 'changed' or 'extraordinary' circumstances" for purposes of assessing the timeliness of his asylum claims. *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 154 (2d Cir.2006).

■ In the present case, the IJ's adverse credibility determination, which formed the basis of his denial of Cocoli's withholding of removal claim, was supported by substantial evidence. *See Wu Biao Chen v. INS*, 344 F.3d 272, 276 (2d Cir.2003) (per curiam) (holding that where the only evidence of a threat to the petitioner's life or freedom depends upon the petitioner's credibility, an adverse credibility determination necessarily precludes success on the claim for withholding of removal). The record supports the IJ's conclusion that Cocoli's claim of political persecution was not believable because Cocoli appeared to have little knowledge of the Democratic Party despite testifying that he and his family participated frequently in the Party's activities, did not present any evidence that he was a member of that Party, and provided no explanation as to why he had not been able to

64

produce such evidence. Further, the IJ pointed out numerous inconsistencies in Cocoli's testimony, some of which went to the heart of his claims. *See Secaida–Rosales,* 331 F.3d at 308. For example, despite the fact that Cocoli had claimed that he feared returning to Albania because SHIK officers considered him to be a witness to Kasumi's death, he testified inconsistently as to where Kasumi's body had been discovered-first stating that it had been discovered in Montenegro, then stating that it had been discovered in Macedonia. It reasonably did not appear to the IJ that Cocoli was as familiar with the circumstances surrounding Kasumi's death as he claimed to have been. The IJ also reasonably found it implausible that the two SHIK officers who had sought Cocoli because of his alleged knowledge of the circumstances of Kasumi's death would have allowed Cocoli to walk away from them after Cocoli told them that he would meet them at a later time.

Lastly, this Court has made clear that "[a] fact-finder who assesses testimony together with witness demeanor is in the best position to discern, often at a glance ... whether a witness who hesitated in a response was nevertheless attempting truthfully to recount what he recalled of key events or struggling to remember the lines of a carefully crafted 'script'" *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). As this Court has recognized, "a witness may convince all who hear him testify that he is disingenuous and untruthful, and yet his testimony, when read, may convey a most favorable impression." *Id.* (citations omitted). Thus, this Court defers to the IJ with respect to his finding that it appeared that Cocoli had attempted to memorize the claims that he had made, rather than actually having had such experiences, particularly because Cocoli confused the dates of many significant events about which he was testifying.

Finally, the IJ's adverse credibility determination also supported his denial of CAT relief because Cocoli's incredible testimony "formed the only potentially valid basis" for the claim that he would be tortured because of his past political activities. *See Xue Hong Yang v. United States Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

The petition for review is therefore DENIED. The pending motion for a stay of removal in this proceeding is DENIED as moot.